[No. 1928.  Decided November 29, 1895.]

THE OREGON NATIONAL BANK OF PORTLAND, *Respondent*, v. JOHN D. GARDNER *et al.*, *Appellants.*

PRINCIPAL AND SURETY — FRAUD OF OBLIGEE — DISCHARGE OF SURETY.

Sureties cannot escape liability because of the failure of the obligee to inform them of the existence of a judgment held by him against the principal, nor because of a representation by the obligee that their responsibility as sureties would be merely nominal.

Appeal from Superior Court, Pierce County.—Hon. EMMETT N. PARKER, Judge.    Affirmed.

*B. F. Heuston*, and *T. W. Hammond*, for appellants:

" If a party taking a guarantee from a surety conceals from him facts which go to increase his risk, and suffers him to enter into the contract under false impressions as to the real state of the facts, such a concealment will amount to a fraud, because the party is bound to make the disclosure." *Griswold v. Hazard*, 141 U. S. 260; *Franklin Bank v. Cooper*, 36 Me. 179; *Lancaster County Bank v. Albright*, 21 Pa. St. 228; *Warren v. Branch*, 15 W. Va. 22; *Sooy v. State*, 39 N. J. Law, 135; Bigelow, Frauds, 600; 2 Pomeroy, Eq. Jur. 907; *First National Bank v. Mattingly*, 18 S. W. 940; Shirley's Leading Cases at Common Law, 20.

*John H. Handy*, for respondent:

Surety is not discharged because the creditor tells him signing is mere matter of form. Brandt, Suretyship, § 215; *Smyley v. Head*, 2 Rich. Law, 590 (45 Am. Dec. 750); *Stewart v. Barrow*, 55 Ga. 664. Misrepresentation of unexecuted intention does not discharge surety. ` Brandt, Suretyship, § 351; *Gage v. Lewis*, 68 Ill. 604; *Towle v. Assurance Society*, 3 Gifford, 42; *Benham v. Assurance Co.*, 7 Wels. H. & G. 744. A surety is not entitled without inquiry to be informed of all previous dealings between creditor and principal. Brandt, Suretyship, § 365; *Ham v. Greve*, 34 Ind. 18; *North British Ins. Co. v. Lloyd*, 10 Exch. 523.

The opinion of the court was delivered by

DUNBAR, J.—This action is brought to recover on three promissory notes executed by appellants as sureties for defendant Wright and in favor of the respondents. The defendants answered the complaint, to which answer the plaintiff's interposed a demurrer, which was sustained by the court. It seems afterwards, however, that the plaintiff replied to the second and third counts of the answer. The pleadings in this case are too long for reproduction here, but we were all of the opinion upon the presentation of the appellants' case that the court had not committed error in sustaining the demurrer, at least to the first defense.

The first count of the answer alleges that the plaintiffs had commenced an action in the superior court of Pierce County against Wright for $6,000.00, that Wright was desirous for a continuance of the pending action, and that plaintiff was desirous of security for payment of the debt involved in that action, and agreed to continue the cause if appellants could be in-

duced to become such sureties. About the only material allegations of fact are, that at the time these security notes were given, the plaintiffs had a judgment against Wright in the United States court for $4,869.00, the existence of which they had no knowledge of, and that the plaintiffs did not make known this fact to the defendants, believing that such knowledge would prevent them from going security for Wright; and the further fact that Wright at that time was the owner of 200 shares of the stock of a certain corporation, which shares were worth about $20,000.00, that the fact of the ownership of these shares was known to the defendants, that the plaintiffs had represented to the defendants that their risk in going his security was only nominal by reason of Wright's ownership of the shares of stock out of which any judgment obtained against him could be satisfied, and that plaintiff could and would satisfy any judgment which it should obtain out of such stock. This answer is very long, and a great many conclusions are stated, but these are really the only facts which are pleaded.

We are inclined to believe that even these allegations are put in issue by the reply of the plaintiffs which sets out the circumstances under which this contract of security was entered into, that it was at the special instance and request of the defendants themselves for the purpose of protecting their interests as stockholders of this corporation, i. e., the Puget Sound Dressed Beef and Packing Company, the corporation above referred to in which Wright was the owner of 200 shares of stock, and it was at their solicitation, and for no other cause, that these notes were executed and delivered to the bank, the plaintiff in this case, and that there was no solicitation on the part of the plaintiff or his agent whatever; and many other facts

are alleged in the reply which it seems to us put the whole question of good faith at issue, and these issues having been tried out by the jury, will not be retried here.    But even conceding the correctness of the appellants' contention that no issues were raised by the pleadings on the first count in the answer, we think the allegations are not a sufficient defense to the complaint.    The plaintiff was under no obligations to give the sureties a history of the financial standing of defendant Wright.    If there was a judgment against him it was a matter of public record, and it would have been but the exercise of common prudence on the part of the sureties to have made such slight inquiry concerning the financial standing of their principal, and the slightest inquiry would have revealed the existence of this judgment.    According to the allegations of the answer, they knew of the ownership of these shares by Wright, and if they had seen fit, they could have secured themselves by an assignment of them, for they were assignable property, and they knew that Wright could dispose of them at any time, to these plaintiffs or to any one else.

The statement alleged to have been made by the plaintiffs, that their responsibility as sureties was merely nominal, amounts to nothing; that was, at most, a question of judgment.    It might have been that that was the opinion of the plaintiffs at the time, or if it had not been, it was simply a statement of an opinion, on which no sensible business man would rely or should be allowed to rely.    If matters such as this were pertinent to avoid responsibilities of sureties, it would be difficult to ever enforce a contract of this kind.    All the information that was in the possession of the plaintiff, as far as the allegations of the answer are concerned, was in the possession of the defendants,

or could have been by the exercise of the slightest degree of investigation. All the other allegations of the answer, as we have before said, were put in issue by the reply and were tried by the jury, and without especially reviewing the instructions of the court we are satisfied that they were all substantially correct; and the jury having rendered a verdict under proper instructions, the judgment will be affirmed.

· Hoyt, C. J., and Scott, Anders and Gordon, JJ., concur.